**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARLES R. BROWN, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> THE LAKES CROSSING CENTER; ) <br> NICKOLAS H. CULPEPPER; SHELLY ) <br> BRYANT, ) <br> ) <br> Defendants. ) | Case No.: 2:20-cv-01363-GMN-DJA <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 11), filed by Defendants Shelly Bryant ("Bryant") and The Lakes Crossing Center ("The Lakes"). Plaintiff Charles R. Brown ("Plaintiff") filed a Response, (ECF No. 15), to which Bryant and The Lakes filed a Reply, (ECF No. 17).,

Also pending before the Court is the Motion to Dismiss, (ECF No. 12), filed by Defendant Nickolas H. Culpepper ("Culpepper"). Plaintiff filed a Response, (ECF No. 16), and Culpepper filed a Reply, (ECF No. 18).

For the reasons discussed below, the Court **GRANTS** Culpepper's Motion to Dismiss and **DENIES as moot** Bryant and The Lakes' Motion to Dismiss.

**I.   BACKGROUND**

This case arises from Plaintiff's allegations that he received insufficient notice of his *Sell* hearing in state court, which determined the State of Nevada could administer psychiatric drugs to Plaintiff without his consent in order to restore his competency to stand trial. (*See* Compl. ¶¶ 2–9, ECF No. 1). Plaintiff alleges that Defendants—his treating physician, a caseworker, and the psychiatric facility at which he was held—are liable under 42 U.S.C. § 1983 for failing to provide Plaintiff adequate notice of the hearing in violation of his Fourteenth Amendment

due process rights, which resulted in Plaintiff being unconstitutionally, forcibly medicated. (*See id.* ¶¶ 15–25). Plaintiff's Complaint asserts due process and negligence claims against all Defendants. (*Id.*). Defendants now move to dismiss the Complaint. (*See* Mots. Dismiss ("MTDs"), ECF Nos. 11–12).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for lack of subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction may take one of two forms: either a "facial" or "factual" challenge. *Thornhill Publishing Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Alternatively, "[a] factual challenge relies on affidavits or any other evidence properly before the court to contest the truth of the complaint's allegations." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 (9th Cir. 2014). When a factual challenge is asserted, the court need not presume the truthfulness of the allegations in the complaint. *See Meyer*, 373 F.3d at 1039; *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003).

## III.  DISCUSSION

Culpepper argues that the Court lacks subject matter jurisdiction over the case under the *Rooker-Feldman* doctrine. (*See* Mot. Dismiss ("MTD") 6:9–7:14). Specifically, Culpepper contends that Plaintiff seeks review of the state court's determination that Plaintiff received sufficiently adequate process for the court to proceed with its *Sell* hearing, which the *Rooker-*

*Feldman* doctrine places outside the scope of this Court's jurisdiction. (*Id.*). Plaintiff responds that his claims are not barred by the *Rooker-Feldman* doctrine because he is asserting claims against Bryant and Culpepper[1] for breaching their fiduciary duties to Plaintiff by failing to provide notice of the *Sell* hearing, which is not a collateral attack on the state court proceedings. (Pl.'s Resp. 4:2–6:19, ECF No. 16).

What has become known as the *Rooker-Feldman* doctrine arises from two United States Supreme Court decisions defining federal district court jurisdiction and the relationship between federal district courts and state courts. Federal district courts possess "strictly original" jurisdiction, and thus have no power to exercise subject matter jurisdiction over a de facto appeal from a state court judgment. *See D.C. Ct. of Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414–17 (1923); *see also Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). Only the United States Supreme Court has jurisdiction to review such judgments. *Feldman*, 460 U.S. at 482. The *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

"The clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision . . . .'" *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). In addition to barring de facto appeals from state court judicial decisions, the *Rooker-Feldman* doctrine forbids federal district courts from deciding issues "inextricably intertwined"

---

[1] Plaintiff has agreed to dismiss his claims against The Lakes, and he seeks to pursue his claims against Bryant and Culpepper only in their individual capacities. (*See* Pl.'s Resp. 4:2–17, ECF No. 15).

with an issue the state court resolved in its decision. *Noel*, 341 F.3d at 1158.  If a plaintiff's suit falls within the *Rooker-Feldman* doctrine, then the district court must dismiss the case for lack of subject matter jurisdiction. *Kougasian*, 359 F.3d at 1139.

Plaintiff's Complaint alleges that Bryant and Culpepper are liable under 42 U.S.C. § 1983 in their individual capacities because they "deprived plaintiff of his liberty interest in freedom from unwanted anti-psychotic drugs" when "defendants, acting under color of statute . . . failed to provide plaintiff with adequate advance notice pertaining to said forced medication *Sell* hearing sufficient for plaintiff to be constitutionally able to prepare, anticipate, and/or defend in said *Sell* hearing and, thus, deprived plaintiff of a constitutionally fair hearing." (Compl. ¶¶ 3–4) (internal citations and quotation marks omitted).  As relief for the alleged breach, Plaintiff seeks "an order declaring Defendant Culpepper's and/or Defendant Bryant's conduct unconstitutional[.]" (Compl. at 6).

Plaintiff objected to the notice he received at the hearing. (*See* Transcript of *Sell* Hearing 6:22–24, Ex. 1 to Compl., ECF No. 2).  Having preserved the issue, Plaintiff could have raised his present arguments before the appropriate Nevada appellate court.  However, this Court lacks jurisdiction over Plaintiff's claims because, if Defendants' failure to provide Plaintiff advance notice of the *Sell* hearing affected the constitutional sufficiency of the process given in state court, then the state court proceeding itself caused Plaintiff's injury.  Put differently, Plaintiff's claims are inextricably intertwined with the state court's due process finding because, but-for the state court's finding that it may proceed with the hearing, Defendants' failure to notify would not have injured Plaintiff.

Given that Plaintiff seeks relief for an allegedly erroneous determination of a state court, this Court lacks jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine.  To the extent Plaintiff could amend his Complaint to seek damages for Bryant and Culpepper's alleged professional negligence, the Court lacks diversity jurisdiction as Plaintiff, Bryant, and

Culpepper are all citizens of Nevada. (*See* Compl. ¶¶ 11–14).  Therefore, the Court must dismiss the Complaint as it lacks jurisdiction over Plaintiff's claims.

### IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Culpepper's Motion to Dismiss, (ECF No. 12), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Brown and The Lakes' Motion to Dismiss, (ECF No. 11), is **DENIED as moot**.

The Clerk of Court shall close the case and enter judgment accordingly.

Dated this  18   day of December, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT